| | |
|---|---|
| YASIR MEHMOOD,<br><br>Plaintiff,<br><br>v.<br><br>JENNIFER VINCENT, et al.,<br><br>Defendants. | No. 2:18-cv-02906 KJM AC (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and

1

(3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

A. The Complaint

Plaintiff, a federal inmate, brings suit against defendants Jennifer Vincent (U.S. Postal Inspector), Michale Chavez, and the United States of America. ECF No. 1 at 1, 9. Plaintiff alleges that defendant Chavez searched his property without a warrant on April 3, 2012. Id. at 9. When plaintiff was released pre-trial, he states he allegedly cut off his ankle monitor and was arrested again on March 9, 2013. Id. Plaintiff alleges Vincent and Chavez harassed his wife in connection with the March 9, 2013 arrest and seized $24,000 in cash without a search warrant.

Id. Plaintiff alleges that the postal inspectors violated due process and his rights secured by the 4th, 5th, and 14th Amendments. Id. Plaintiff's criminal case is now closed, and he assets "the crux of this civil case is that this property seized on 3/1/13 was excluded from criminal forfeiture or fine, which establish that it was unlawfully, unreasonably, and unconstitutionally seized[.]" Id. at 10.

      B. Analysis

This complaint must be dismissed with prejudice because it is duplicative of another ongoing case in this district, Mehmood v. Chavez, 2:18-cv-00136-CKD. The district court has the power to control its docket, including the power to dismiss claims that are duplicative of claims presented in other cases. M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1091 (9th Cir. 2012) (affirming district court's dismissal of claim presented in a separate case).

> To determine whether a suit is duplicative, we borrow from the test for claim preclusion. As the Supreme Court stated in The Haytian Republic, "the true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." 154 U.S. 118, 124 […](1894).

Adams v. California Dep't of Health Servs., 487 F.3d 684, 688–89 (9th Cir. 2007) (overruled on other grounds Taylor v. Sturgell, 553 U.S. 880 (2008)).

The Ninth Circuit clarified in Adams that "in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Id. "A suit is deemed duplicative if the claims, parties and available relief do not vary significantly between the two actions." Shappell v. Sun Life Assur. Co., No. 2:10-CV-03020-MCE, 2011 WL 2070405, at *2 (E.D. Cal. May 23, 2011). To assess whether successive causes of action are the same, courts utilize the "transaction test," which requires consideration of four criteria: 1) whether the rights or interests established in the initial action would be impaired by prosecution of a second suit; 2) whether substantially the same evidence would be presented in both actions; 3) whether both suits involve infringement of the same right; and 4) whether both suits arise out of the same transactional nucleus of facts. Costantini v. Trans World Airlines, 681 F.2d 1199, 1201–02 (9th Cir. 1982). The last factor has

| | |
|---|---|
| 1 | been deemed the most important. Id. at 1202. |
| 2 | Here, all elements are met. As a preliminary matter, the defendants in each of plaintiff's |
| 3 | cases are substantially similar in both suits. In 2:18-cv-00136-CKD ("Mehmood I"), plaintiff |
| 4 | presents claims against the United States and Postal Inspector Michael Chavez. Mehmood I, ECF |
| 5 | No. 1 at 1. In this case ("Mehmood II"), plaintiff names the same defendants but also includes |
| 6 | Jennifer Vincent, whom he refers to as the "postal inspector." ECF No. 1 at 2. Plaintiff's |
| 7 | inclusion of Ms. Vincent in this case does not substantially distinguish it from Mehmood I |
| 8 | because plaintiff's underlying claim of an unauthorized search is the same; the only difference |
| 9 | between Mehmood I and Mehmood II is that in Mehmood II, Ms. Vincent is acting in concert |
| 10 | with Mr. Chavez as opposed to Mr. Chavez acting alone. Compare, Mehmood I, ECF No. 1 at 9 |
| 11 | and Mehmood II, ECF No. 1 at 7. Because Mehmood I is an ongoing case, plaintiff could make a |
| 12 | motion in that case to include Ms. Vincent as a defendant; the desire to add Ms. Vincent does not |
| 13 | support the filing of a duplicative case. Fed. R. Civ. P. 15. |
| 14 | Most importantly, Mehmood I and Mehmood II arise out of the same incident. Both cases |
| 15 | seizure of money by U.S. Postal Inspectors occurring on March 9, 2013. Mehmood I, ECF No. 1 |
| 16 | at 7; Mehmood II, ECF No. 1 at 9. Because both cases arise out of the same incident and involve |
| 17 | substantially the same parties, the cases arise from the same transactional nucleus of fact. |
| 18 | Costantini, 681 F.2d at 1201–02 (9th Cir. 1982). With two separate lawsuits based on the same |
| 19 | incident and involving substantially the same parties, it is axiomatic that the cases will involves |
| 20 | substantially the same evidence and that a decision in one case would impair the prosecution of |
| 21 | the other. Thus, the elements of the transaction test are satisfied. Id. |
| 22 | "It is well established that a district court has broad discretion to control its own docket, |
| 23 | and that includes the power to dismiss duplicative claims." M.M., 681 F.3d at 1091 (9th Cir. |
| 24 | 2012). This case is duplicative of the case pending at 2:18-cv-00136-CKD. In the interest of the |
| 25 | competent administration of justice and judicial economy, it must be dismissed with prejudice in |
| 26 | favor of the prosecution of the earlier filed lawsuit. |
| 27 | //// |
| 28 | //// |

## II. Conclusion

Accordingly, the undersigned recommends that plaintiff's request to proceed in forma pauperis (ECF No. 2) be GRANTED but that the complaint (ECF No. 1) be DISMISSED with prejudice because it is duplicative of another case pending in this district.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: November 16, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE